UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

NELVIN MORENO,                                        :
                                                      :
                        Plaintiff,                    :
                                                      :
            -against-                                 :          **COMPLAINT**
                                                      :
ISTANBUL KEBAB HOUSE NY CORP. d/b/a                   :
ANATOLIA MEDITERRANEAN GRILL, RED                     :
LIONS FOOD CORP. d/b/a ANATOLIA                       :          **JURY TRIAL DEMANDED**
MEDITERRANEAN GRILL, and                              :
SAODAT USMONOVA,                                      :
                                                      :
                        Defendants.                   :

-------------------------------------------------------------------- X

Plaintiff Nelvin Moreno ("Plaintiff" or "Moreno"), by his attorneys Pechman Law

Group PLLC, complaining of Defendants Istanbul Kebab House NY Corp. d/b/a

Anatolia Mediterranean Grill, Red Lions Food Corp. d/b/a Anatolia Mediterranean

Grill, and Saodat Usmonova (collectively, "Defendants"), alleges:

**NATURE OF THE COMPLAINT**

1.      For periods of his employment as a dishwasher for Anatolia Mediterranean

Grill ("Anatolia"), Defendants paid Moreno at an hourly wage rate that fell below the

statutory minimum wage rate for employers on Long Island.  After Moreno became a line

cook at Anatolia, he regularly worked more than sixty hours per workweek, but

Defendants paid him a weekly salary that failed to compensate him for overtime hours

worked at a rate of one and one-half (1.5) times his regular hourly wage rate.  Defendants

further failed to provide Moreno with: (i) spread-of-hours pay when he worked shifts

spanning over ten hours per day, and (ii) a wage notice at his time of hiring and when

his rate of pay changed, as well as accurate wage statements with each payment of wages.

2.      Moreno brings this action to recover unpaid minimum and overtime wages,

spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment

interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Anatolia is located and operated by Defendants in the Eastern District of New York and the events giving rise to Moreno's claims occurred in the Eastern District of New York.

## THE PARTIES

**Plaintiff Nelvin Moreno**

5.     Moreno resides in Nassau County, New York.

6.     Defendants employed Moreno as a dishwasher and line cook from approximately November 2019 until May 18, 2021.

7.     Throughout his employment with Defendants, Moreno was an employee engaged in interstate commerce or in the production of good for interstate commerce.

**Defendants Istanbul Kebab House NY Corp. and Red Lions Food Corp. d/b/a Anatolia Mediterranean Grill**

8.     Defendant Istanbul Kebab House NY Corp. is a New York corporation that owns, operates, and does business as Anatolia Mediterranean Grill, located at 183 Hempstead Avenue, West Hempstead, New York 11552.

9.     Defendant Red Lions Food Corp. is a New York corporation that also owns, operates, and does business as Anatolia Mediterranean Grill, located at 183 Hempstead Avenue, West Hempstead, New York 11552

10.    During his employment at Anatolia, Defendants paid Moreno by checks bearing the names of both Istanbul Kebab House NY Corp. and Red Lions Food Corp.

11.    Anatolia is a restaurant offering Mediterranean cuisine that provides in-person dining, take-out, and catering services.

12.    Anatolia is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13.    At all relevant times, Anatolia has had employees, including Moreno engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14.    At all relevant times, Anatolia has had an annual gross volume of sales in excess of $500,000.

**Defendant Saodat Usmonova**

15.    Defendant Saodat Usmonova is an owner of Anatolia and, on information and belief, refers to himself as "Max" when present at Anatolia.

16.    At all relevant times, Usmonova held and exercised authority over personnel decisions at Anatolia, including the authority to hire and fire employees, set employee wage rates, and maintain employee pay records.

17.    Usmonova hired Moreno, set Moreno's wage rates, and distributed Moreno's pay.

18.    Usmonova was present at Anatolia most days of Plaintiff's employment, and directly supervised Moreno's work.

19.     Usmonova signed for a FedEx delivery on July 19, 2021 containing Moreno's prelitigation demand letter and New York Business Corporation Law notice on behalf of Anatolia.

20.     Usmonova exercised sufficient control over Anatolia's operations to be considered Moreno's employer under the FLSA and the NYLL.

## FACT ALLEGATIONS

21.     Defendants hired Moreno to work as a dishwasher at Anatolia in November 2019.

22.     From approximately November 2019 through February 2020, Moreno regularly worked between twenty-five and thirty hours per workweek as a dishwasher.

23.     Defendants paid Moreno $11.00 per hour worked during this period.

24.     In approximately March 2020, Defendants assigned Moreno to work as a line cook at Anatolia.

25.     Anatolia did not close during the Covid-19 pandemic, but cut back on the number of workers employed in the kitchen.  As a result, Moreno's hours increased during the pandemic.

26.     From approximately March 2020 through January 2021, Moreno regularly worked eleven-hour shifts, from 11:00 a.m. to 10:00 p.m., six days per week (Tuesday through Sunday), totaling sixty-six hours per workweek.  Approximately three weeks per month from March through May 2020, Moreno worked an additional eleven-hour shift, from 11:00 a.m. to 10:00 p.m. on Mondays, totaling seventy-seven hours of work on weeks when he worked the additional shift.

27.     During this period, Defendants paid Moreno a weekly salary of $750.00 when he worked six shifts per week.  On weeks that Moreno worked seven shifts, Defendants paid him $800.00 per week.

28.     From approximately February 2021 through mid-March 2021, Moreno regularly worked eleven-hour shifts, from 11:00 a.m. to 10:00 p.m., five days per week, totaling fifty-five hours per workweek.

29.     Defendants paid Moreno $700.00 per week during this period.

30.     From approximately mid-March 2021 through the end of his employment on or around May 18, 2021, Moreno regularly worked eleven-hour shifts, from 11:00 a.m. to 10:00 p.m., six days per week, totaling sixty-six hours per workweek.

31.     Defendants paid Moreno $900.00 per week during this period.

32.     Defendants did not provide Moreno with spread-of-hours pay on days when he worked shifts spanning over ten hours.

33.     Defendants did not maintain a time clock or other time tracking system for kitchen workers to accurately record Moreno's hours worked.

34.     Defendants did not provide Moreno with a wage notice at his time of hire or when his wage rate changed.

35.     Defendants paid Moreno's wages by check on a weekly basis.  Defendants did not provide Moreno with an accompanying wage statement with each payment of wages reflecting, *inter alia*, his hours worked and hourly rate paid.

### FIRST CLAIM
### NYLL – Unpaid Minimum Wages

36.     Moreno repeats and incorporates all foregoing paragraphs as if fully set forth herein.

37.     The NYLL requires employers to pay employees a minimum wage for the first forty hours worked in a workweek.

38.     Defendants were Moreno's employer within the meaning of NYLL §§ 190(3), 651(6), and supporting New York State Department of Labor ("NYDOL") Regulations.

39.     The minimum wage provisions of NYLL § 652 and supporting NYDOL regulations apply to Defendants.

40.     Defendants failed to pay Moreno the minimum wages to which he was entitled under the NYLL and its supporting regulations.

41.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Moreno the statutory minimum hourly wage rate for regular hours worked.

42.     As a result of Defendants' willful violations of the NYLL, Moreno is entitled to recover his unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

### SECOND CLAIM
### FLSA – Unpaid Overtime Wages

43.     Moreno repeats and incorporates all foregoing paragraphs as if fully set forth herein.

44.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a), and employed Moreno.

45.     Defendants were required to pay Moreno overtime wages at a rate of one and one-half (1½) times his regular rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

46.     Defendants failed to pay Moreno the overtime wages to which he was entitled under the FLSA.

47.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Moreno overtime wages.

48.     As a result of Defendants' willful violations of the FLSA, Moreno is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs**.**

**THIRD CLAIM**
**NYLL – Unpaid Overtime Wages**

49.     Moreno repeats and incorporates all foregoing paragraphs as if fully set forth herein.

50.     Under the NYLL and supporting NYDOL regulations, including 12 NYCRR § 146-1.4, Defendants were required to pay Moreno one and one-half (1 ½) times his regular rate of pay, which shall not be less than the statutory minimum wage rate, for all hours worked in excess of forty per workweek.

51.     Defendants failed to pay Moreno the overtime wages to which he was entitled under the NYLL and its supporting regulations.

52.     Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Moreno overtime wages.

53.     As a result of Defendants' willful violations of the NYLL, Moreno is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FOURTH CLAIM**
**NYLL – Unpaid Spread-of-Hours Pay**

54.     Moreno repeats and incorporates all foregoing paragraphs as if fully set forth herein.

55.     Defendants willfully failed to pay Moreno additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which his shift spanned over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 146-1.6.

56.     As a result of Defendants' willful violations of the NYLL, Moreno is entitled to recover unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest,.

**FIFTH CLAIM**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices**

57.     Moreno repeats and incorporates all foregoing paragraphs as if fully set forth herein.

58.     The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

59.     Defendants failed to furnish Moreno at the time of his hiring and when his wage rate changed with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of NYLL § 195(1).

60.     As a result of Defendants' violation of NYLL § 195(1), Moreno is entitled to recover statutory damages, and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1-b).

**SIXTH CLAIM**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**

61.     Moreno repeats and incorporates all foregoing paragraphs as if fully set forth herein.

62.     The NYLL and the WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

63.     Throughout Moreno's employment with Defendants, Defendants paid Moreno without providing him with a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

64.     As a result of Defendants' violation of NYLL § 195(3), Moreno is entitled to recover statutory damages, and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.     declaring that Defendants violated the minimum and overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

b.     declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

c.     declaring that Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

d.     declaring that Defendants' violations of the FLSA and the NYLL were willful;

e.     enjoining and permanently restraining Defendants from further violations of the FLSA and NYLL;

f.     awarding Moreno damages for unpaid minimum and overtime wages and unpaid spread-of-hours pay;

g.     awarding Moreno liquidated damages in an amount equal to his unpaid wages;

h.      awarding Moreno statutory damages as a result of Defendants' failure to furnish him with a wage notice and accurate wage statements as required by the NYLL and WTPA;

i.      awarding Moreno reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL;

j.      awarding Moreno pre- and post-judgment interest under the NYLL and

k.      awarding Moreno other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
        August 25, 2021

                                PECHMAN LAW GROUP PLLC

                        By:  */s/ Louis Pechman*
                             Louis Pechman
                             Galen C. Baynes
                             Pechman Law Group PLLC
                             488 Madison Avenue - 17th Floor
                             New York, New York 10022
                             (212) 583-9500
                             pechman@pechmanlaw.com
                             baynes@pechmanlaw.com
                             *Attorneys for Plaintiff*